**[J-65-2013][M.O. – McCaffery, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, | : | No. 20 EAP 2013 |
| | : | |
| | : | Appeal from the Order of the |
| Appellee | : | Commonwealth Court entered on |
| | : | 4/13/11 at No. 2445 CD 2009, reversing |
| | : | the order entered on 11/10/09 in the |
| v. | : | Court of Common Pleas, Philadelphia |
| | : | County, Civil Division at No. 3055 July |
| | : | term, 2009 |
| CITY OF PHILADELPHIA AND PHILADELPHIA COMMISSION ON HUMAN RELATIONS, | : | |
| | : | |
| | : | |
| | : | |
| Appellants | : | ARGUED:  September 11, 2013 |

**DISSENTING OPINION**

**MR. JUSTICE SAYLOR**                              **DECIDED:  September 24, 2014**

I differ with the majority's approach of remanding to the Commonwealth Court to ascertain legislative intent because, as I read the intermediate court's decision, it already undertook that task.  Accord Concurring and Dissenting Opinion, slip op. at 9 (Castille, C.J.); see, e.g., SEPTA v. City of Phila., 20 A.3d 558, 561-62 (Pa. Cmwlth. 2011) (concluding that, under SEPTA's enabling legislation, SEPTA is a state agency and that, pursuant to the Pennsylvania Human Relations Act, the Pennsylvania Human Relations Commission was intended to have exclusive jurisdiction over state agencies like SEPTA).  As to substance, I am aligned with Mr. Chief Justice Castille's position – and that of the Commonwealth Court majority – that the General Assembly did not

intend for SEPTA to be subject to suit by the local human relations commissions of the municipalities in which it conducts operations. Accordingly, I respectfully dissent.